**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TAMMY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | )          16-cv-1333 |
| vs. | ) |
| | ) |
| WELTMAN, WEINBERG & REIS | ) |
| CO., L.P.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Tammy Smith brings this action to secure redress from unlawful

credit and collection practices engaged in by defendant Weltman, Weinberg & Reis Co., L.P.A.

("WWR").   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct" and that "[t]his intent cannot be underestimated."  *Ramirez v.*

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

## PARTIES

9.      Plaintiff Tammy Smith is an individual who resides in Carbondale, Illinois.

10.      Defendant WWR is a law firm organized as an Ohio corporation.  Its principal place of business is located at 323 West Lakeside Ave., #200, Cleveland, OH 44113.  It does business in Illinois and  maintains an office at 180 N. LaSalle Street, Suite 2400, Chicago, IL 60601.

11.      Defendant WWR is engaged in the business of using the mails and telephone system to collect consumer debts owed to others.

12.      WWR states on its website that it has "Specialty practice groups for . . . Consumer Collections . . . ."  (http://www.weltman.com/about/firm-overview)

13.      WWR is a debt collector as defined in the FDCPA.

## FACTS

14.      Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

15.      On or about January 15, 2016, WWR sent plaintiff the letter attached as Exhibit A.

16.      Exhibit A is a standard form letter.

2

17.    Exhibit A invites settlement discussions, and states that "This settlement may have tax consequences."

18.    The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R.  §1.6050P-1 requires reporting of certain discharges of indebtedness.

19.    Reporting is not required:

   a.    Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

   b.    Of the discharge of principal not exceeding $600.

20.    Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the "tax consequences" of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

21.    No taxable income results from the discharge of indebtedness if:

   a.    The discharge occurs through bankruptcy proceedings;

   b.    The debtor is insolvent, even if no formal bankruptcy proceedings are filed; or

   c.    The debt is disputed.

22.    Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

23.    Plaintiff was insolvent on January 15, 2016.  Plaintiff filed a Chapter 7 proceeding two months later, on March 16, 2016, case number 16-40213 (S.D.Ill.) (the present claim was exempted), and obtained a discharge.

24.    Referring to "tax consequences" in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to IRS problems.

25.    Defendant's letter misleads the unsophisticated consumer that:

   a.    Unless  the consumer pays the entire amount that the defendant alleges is

3

owed on the alleged debt, the consumer is going to be reported to the IRS.

b.      Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

26.      Defendant voluntarily chooses to give the tax advice found in defendant's letter. No law or regulation obligates defendant to include the statement complained of in collection letters.

27.      There is no legitimate reason for referring to "tax consequences" in a collection letter directed to a consumer.

## COUNT I – FDCPA

28.      Plaintiff incorporates paragraphs 1-27.

29.      Defendant WWR violated 15 U.S.C. §§ 1692e and 1692e(10) by (a) referring in Exhibit A to "tax consequences" and (b) giving consumers objectively false and deceptive tax advice.

30.      Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a.      Statutory damages;

b.      Attorney's fees, litigation expenses and costs of suit;

c.      Such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

4

Daniel A. Edelman
Emiliya Gumin Farbstein
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Scott Hendricks
ALLEMAN LAW FIRM P.C.
310 East Main Street
Carbondale, Illinois 62901
(618) 319-4408

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on December 12, 2016, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following party:

      Weltman, Weinberg & Reis Co., L.P.A.
      C/O Registered Agent
      Eileen M. Bitterman
      965 Keynote Circle
      Brooklyn Heights, OH 44131

                                 s/Daniel A. Edelman
                                 Daniel A. Edelman

7

**<u>EXHIBIT A</u>**



**Take Advantage of this Savings Opportunity During Tax Season**

January 15, 2016

**Important Account Information**

Current Creditor: DISCOVER BANK

Account Number: ███████████

WWR File Number ███████████

Balance Due as of January 15, 2016: $4,319.69

Dear TAMMY L SMITH:

As you are aware, we represent the current creditor on the above referenced matter. Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts.

During this tax season, we invite you to call us toll free at 1-877-205-1457 to discuss utilizing your income tax refund as a source of funds to satisfy this obligation for a reduced amount. We would like to offer you an opportunity to take advantage of the substantial savings available by speaking with a collection representative.

Thank you for your anticipated willingness to resolve this matter.

This settlement may have tax consequences.

**This communication is from is a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.**

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

---

To take advantage of this opportunity you may:

**Contact us by Phone:**

1-877-205-1457

**Pay by Mail:**

P.O. Box 5402
Cleveland, OH 44101-0402

**Pay online at:**

www.wwrepay.com

---

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

8030NWELT01369

180 North LaSalle St., Suite 2400
Chicago, IL 60601-2704

ADDRESS SERVICE REQUESTED

By entering your information in the space provided below, you are authorizing
Weltman, Weinberg & Reis Co., L.P.A to contact you, including via electronic means.

**Please verify contact information:**

| Email: | |
| --- | --- |
| Phone: | |
| Address: | |

January 15, 2016

J9O/369/21411827/0443-369      29964988

TAMMY L SMITH

███████████

WELTMAN, WEINBERG & REIS CO., LPA
P.O. Box 5402
Cleveland, OH 44101-0402

WWR No.: ███████████
Balance Due as of January 15, 2016: $4,319.69