## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAMMY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-1333-NJR-SCW |
| | ) | |
| WELTMAN, WEINBERG & REIS CO., | ) | |
| L.P.A., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tammy Smith brings this action for an alleged violation of the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* (Doc. 1). Defendant Weltman,

Weinberg & Reis Co., L.P.A. ("WWR") now moves to dismiss the Complaint for failure

to state a claim (Doc. 13). For the following reasons, the motion to dismiss is granted.

### BACKGROUND

On January 15, 2016, Smith received a letter from WWR, a debt collection law

firm, attempting to collect Smith's personal credit card debt in the amount of $4,319.69

(Doc. 1). The letter invited Smith to call WWR "during this tax season" to discuss using

her income tax refund as a source of funds to satisfy her outstanding obligation for a

reduced amount. (*Id.*). The letter did not offer any specific settlement amount but

included the statement: "This settlement may have tax consequences." (*Id.*). The letter

did not mention the Internal Revenue Service. According to the Complaint, Smith was

insolvent at the time she received WWR's letter. She then filed for Chapter 7 bankruptcy on March 16, 2016, and obtained a discharge of her debts (*Id.*).

On December 12, 2016, Smith initiated this action, claiming the statement "[t]his settlement may have tax consequences" violates the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10). Specifically, Smith alleges that referring to "tax consequences" in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to problems with the IRS (*Id.*). Smith asserts the language misleads the unsophisticated consumer to believe that unless the consumer pays the entire amount allegedly owed on the debt, he or she is going to be reported to the IRS and/or will have to pay taxes on the unpaid balance. Smith further claims WWR voluntarily chose to give the "tax advice" found in the letter despite no law or regulation requiring such language in collection letters. Smith argues there is no legitimate reason for referring to "tax consequences" in a collection letter directed to a consumer.

On January 31, 2017, WWR moved to dismiss Smith's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 13). WWR argues the statement at issue is neither false nor misleading, as is required to state a claim under the FDCPA. Furthermore, the letter did not mention even the possibility of WWR reporting any discharge of debt to the IRS, such that an unsophisticated consumer would feel pressured to pay off the entire debt. Smith filed a response on March 3, 2017 (Doc. 15), and WWR filed a reply on March 17, 2017 (Doc. 16). The motion is now ripe for review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Accordingly, the Court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the

defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

DISCUSSION

## I.      The Fair Debt Collection Practices Act (FDCPA)

"The purposes of the FDCPA are 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 683 (7th Cir. 2017) (quoting 15 U.S.C. § 1692e). To that end, the FDCPA prohibits collectors of consumer debts from, among other things, using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*

"Whether a debt collection letter is deceptive or misleading is a question of fact." *Everett v. Fin. Recovery Svcs., Inc.*, No. 116-CV-01806-JMS-MPB, 2016 WL 6948052, at \*6 (S.D. Ind. Nov. 28, 2016) (citing *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)). Dismissal is appropriate where it is "'apparent from a reading of the [debt collection] letter that not even a significant fraction of the population would be misled by it.'" *Id.* (quoting *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)). Deceptive or misleading debt collection tools include "[t]he false representation of . . . the character, amount, or legal status of any debt," "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A), (5), (10).

Whether a debt collection letter is false, deceptive, or misleading under the FDCPA must be evaluated from the perspective of the least sophisticated consumer. *Evory*, 505 F.3d at 774. Thus, to determine whether a representation made in a collection letter is misleading, the Court must ask whether a person of modest education and limited commercial savvy would likely be deceived. *Id.* "The standpoint is not that of the least intelligent consumer in this nation of 300 million people, but that of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence." *Id.* (citations omitted). As described by the Seventh Circuit, the least sophisticated consumer "isn't a dimwit. She may be uninformed, naive, and trusting, . . . but she has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "Furthermore, while our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Wahl*, 556 F.3d at 645–46.

II.     **Motion to Dismiss for Failure to State a Claim**

WWR first argues that the statement at issue, "[t]his settlement may have tax consequences," is not objectively false as alleged by Smith in her Complaint (*see* Doc. 1, ¶ 29). WWR cites to various provisions of the Internal Revenue Code and IRS

Regulations to assert that there very well could have been tax consequences in this case. For example, if settlement of Smith's debt resulted in a discharge of indebtedness in excess of $600, the debt owner would have been required to report such discharge to the IRS. Furthermore, WWR argues, as a general rule, a discharge of indebtedness would need to be reported to the IRS by a debtor as gross income. *See* 26 U.S.C. § 61(a)(12); IRS Pub. No. 4731, Screening Sheet for Nonbusiness Credit Card Debt Cancellation (2015), available at https://www.irs.gov/pub/irs-pdf/p4731.pdf. WWR asserts that while there are "various exceptions" to the rule that discharge of debt is taxable income, such as bankruptcy or insolvency, that does not make the statement at issue false.

In response, Smith argues that the statement is only a half-truth because the "various exceptions" to those tax consequences, such as bankruptcy and insolvency, are likely to apply to a majority of the unsophisticated consumers being targeted by the communications. In those circumstances, Smith claims, the law recognizes half-truths "as deceptive as outright lies."

The Court disagrees with Smith and finds that the statement is an accurate statement of the law. The IRS lists "[i]ncome from discharge of indebtedness" as a type of "gross income," 26 U.S.C. § 61(a)(12), and IRS Publication 4731 states that "the taxpayer may be required to report the canceled debt as income regardless of the amount," https://www.irs.gov/pub/irspdf/p4731.pdf. The fact that the statement may not apply to certain individuals does not make it deceptive or a lie. Indeed, recent district court opinions evaluating identical language to that in WWR's letter have found the statement to be truthful. *See Taylor v. Fin. Recovery Servs., Inc.*, No. 16 Civ. 4685 (LGS),

2017 WL 2198980 (S.D.N.Y. May 18, 2017); *Dunbar v. Kohn Law Firm SC*, No. 17 Civ. 88,

2017 WL 1906748, at *5–6 (E.D. Wis. May 8, 2017); *Remington v. Fin. Recovery Servs., Inc.*,

No. 16 Civ. 865, 2017 WL 1014994, at *4 (D. Conn. Mar. 15, 2017); *Everett v. Fin. Recovery*

*Servs., Inc.*, No. 16 Civ. 1806, 2016 WL 6948052, at *2, *6 (S.D. Ind. Nov. 28, 2016).

Although the statement "[t]his settlement may have tax consequences" is not

objectively false, Smith nonetheless claims that is misleading because it references "tax

consequences" without disclosing all of the possible exceptions under which she may

not suffer any tax consequences. Smith cites a number of cases where the reference to tax

consequences without disclosure of the exceptions applicable to the most financially

distressed consumers was held to violate the FDCPA. In each of those cases, however,

the collection letter referred to the debt collectors' obligation to report discharged debt of

over $600 to the IRS. *See Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108,

2016 WL 1719824 (N.D. Ill. Apr. 28, 2016) ("[p]lease be advised that any settlement which

waives $600.00 or more in principal of a debt may be reported to the Internal Revenue

Service by our client"); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998) ("Where the amount

of debt canceled or discharged is $ 600.00 or greater, the creditor may be required to

report such information to the IRS."); *Balon v. Enhanced Recovery Co.*, 190 F.Supp.3d 385

(M.D. Pa. 2016) ("any indebtedness of $600.00 or more, which is discharged as a result of

a settlement, may be reported to the IRS as taxable income pursuant to the Internal

Revenue Code 6050(P) [sic] and related federal law"); *Velez v. Enhanced Recovery Co., LLC*,

No. CV 16-164, 2016 WL 1730721 (E.D. Pa. May 2, 2016) (same); *Good v. Nationwide Credit,*

*Inc.*, 55 F.Supp.3d 742 (E.D. Pa. 2014) ("[The creditor] is required to file a form 1099C

with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions."); *Carlvin v. Ditech Fin. LLC*, No. 16-CV-08386, 2017 WL 635151 (N.D. Ill. Feb. 16, 2017) ("Ditech is required to report any debt forgiveness to the Internal Revenue Service."). Courts reviewing these types of statements have found them to be intimidating to unsophisticated consumers because the consumer may feel pressured to pay the whole debt rather than accept a settlement that may be reported to the IRS by the debt collector. *See Dunbar*, 2017 WL 1906748, at *4.

But, that is not the language at issue here. The statement does not provide that WWR or its client may be obligated to contact the IRS if the amount of debt discharged is greater than $600. It only states that the settlement *may* have tax consequences, and "even the least sophisticated consumer would not interpret the statement that 'this settlement *may* have tax consequences' to mean 'this settlement *will* have tax consequences.'" *Remington*, 2017 WL 1014994, at *3 (citing *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (debt collection notice stating a debtor "may be held liable" was not a false, deceptive, or misleading representation because "even an unsophisticated consumer could not reasonably interpret" the notice as "purporting to recite all relevant . . . considerations")).

The Court finds the cases cited by WWR—and more recent cases decided since WWR's motion was filed—more persuasive than those cited by Smith. These cases, including *Taylor*, *Dunbar*, *Remington*, and *Everett*, all hold that the exact language at issue here is not deceptive or misleading because it does not imply that the defendant intends to report the settlement to the IRS. *See Remington*, 2017 WL 1014994, at *4 (the statement

does not "deceptively suggest that defendants were required to or intended to contact the IRS"); *Taylor*, 2017 WL 2198980, at *6 (the same statement was not misleading or deceptive when it was silent as to the creditor's obligation to report any settlement to the IRS). In *Everett*, a case relied upon by WWR, the court held that the statement "[t]his settlement may have tax consequences" "would not plausibly deceive or mislead even the unsophisticated consumer" to believe that the defendants intended to report the amount of discharged indebtedness to the IRS. *Everett*, 2016 WL 6948052, at *5, *6. Thus, the plaintiff failed to state a claim under 15 U.S.C. § 1692e.

Smith claims WWR's reliance on *Everett* is misplaced because the plaintiff in that case was not insolvent at the time she received the letter. In *Everett*, the plaintiff asserted that while the statement was not a misstatement of the law *per se*, it was inapplicable to her. *Id.* at *5. But, because the plaintiff did not provide any support for her proposition that the discharged debt would not be gross income to her, the court found the statement did not misrepresent the law. *Id.* at *6. Here, Smith argues that because she *does* allege insolvency, she has shown that the discharged debt would not be income and, thus, the statement would not apply to her.

Smith's argument ignores the fact that the statement says tax consequences *may* result—not that they *will* result. Even if tax consequences will not result because a debtor is insolvent, that does not make the statement misleading. Recently, the district court in *Dunbar* faced the exact circumstances at issue in this case. In that case, the court disagreed with the plaintiff's contention that the "tax consequences" statement was misleading since she was insolvent at the time she received the letter. *Dunbar*, 2017 WL

1906748, at *5. The court noted that the statement was "phrased contingently and encompassed situations where tax consequences would *not* result." *Id.* Moreover, the court found the statement more likely to be helpful than misleading since "[a]n unsophisticated debtor might not recognize that the discharge of a debt constitutes income and therefore might have tax consequences." *Id.* And, while the statement may raise questions for a debtor about what tax consequences might result, that is exactly the point; it alerts the debtor to considerations to take when deciding whether to accept a settlement. *Id.*

Smith further argues that no law or regulation obligates WWR to include the statement complained of in its collection letter, that WWR voluntarily chose to give the tax advice found in the letter, and that there is simply "no legitimate reason" for referring to tax consequences in a collection letter directed to a consumer. As explained by the *Dunbar* court, however, several debt collectors have been sued under the FDCPA for *not* stating that a settlement might have tax consequences. *See id.* at *4 (collecting cases). "Given the number of debt collectors who have been sued for not mentioning the potential tax consequences of a settlement, it is not surprising that some debt collectors choose to mention potential tax consequences in the letters they send to debtors." *Id.* Therefore, there does appear to be a "legitimate reason" for WWR to include the statement at issue in its debt collection letters.

Because the statement "[t]his settlement may have tax consequences" is not a false, deceptive, or misleading representation used by WWR in connection with the collection of a debt, Smith has failed to state a claim under 15 U.S.C. § 1692e. Further,

because WWR has not used a false representation or deceptive means to collect or attempt to collect a debt, Smith has failed to state a claim under 15 U.S.C. § 1692e(10).

CONCLUSION

For these reasons, the Motion to Dismiss for Failure to State a Claim filed by Defendant Weltman, Weinberg & Reis Co., L.P.A. (Doc. 13) is **GRANTED**, and this action is **DISMISSED with prejudice**. Defendant's request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**